RILEY A. CLAYTON
Nevada Bar No. 005260
rclayton@lawhjc.com


**HALL JAFFE & CLAYTON, LLP**
7425 Peak Drive
Las Vegas, Nevada 89128
(702) 316-4111
Fax (702) 316-4114

*Attorneys for Defendant,*
*AAA Life Insurance Company*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| BIANCA LANG-BLACK, an individual,<br><br>                    Plaintiff,<br><br>         vs.<br><br>AAA LIFE INSURANCE COMPANY; a foreign corporation; and DOES I through V, and ROE CORPORATIONS I through V, inclusive,<br><br>                    Defendants. | Case No.  2:23-cv-00117-GMN-DJA<br><br>**STIPULATION AND ORDER FOR EXTENSION OF DISCOVERY DEADLINES (FIRST REQUEST)** |

          Plaintiff, Bianca Lang-Black, and Defendant, AAA Life Insurance Company ("AAA" or "Defendant"), by and through their respective counsel of record, hereby submit the following Stipulation pursuant to Local Rule II 26-3. This is the Parties' First Request for an extension of discovery deadlines and is not being made for improper purposes nor for needlessly delaying these proceedings.  Rather, this request is made in good faith.   Further, this request to extend the deadlines, including the expert deadlines, is predicated in good cause and excusable neglect as the parties have been diligently working together to set no less than 22 depositions and respond to written discovery.

          Based upon the following, the Parties request that this Court extend the current discovery deadlines by ninety (90) days.  This extension will not affect the trial date, as no trial date has yet been set.

## I.   BRIEF STATEMENT OF FACTS

This matter involves Plaintiff's allegations of breach of contract, violation of unfair practices in settling claims, bad faith/breach of the covenant of good faith and fair dealing, and declaratory relief arising from AAA's denial of a life insurance claim that occurred during the contestability period of the life insurance policy. In essence, the crux of the issue in this case is whether AAA properly investigated the claim prior to its denial based on its supposition that Plaintiff misrepresented information in his life insurance application concerning his use/non-use of nicotine-based products and in turn, whether AAA had a reasonable basis for denying the claim.  In support of the life insurance claim, among other things, Plaintiff submitted to AAA the affidavits of some 16 third-party witnesses, who purportedly never saw the Decedent use nicotine-based products prior to his passing.  It is the parties' efforts to depose these witnesses that is primarily the basis for the instant request for an extension.

Plaintiff filed her Complaint in the Clark County Eighth Judicial District Court on October 25, 2022.   On January 23, 2023, Defendant removed this case to Federal Court.  On January 30, 2023, Defendant filed its Answer.  The parties conducted the Fed. R. Civ. P. 26(f) Conference on February 13, 2023, and filed the Stipulated Discovery Plan and Scheduling Order on March 1, 2023.  The parties have been moving forward with discovery since that time.

## II.   DISCOVERY COMPLETED

The parties have completed the following discovery:

a.     Defendant propounded First Sets of Interrogatories, Requests for Admission, and Requests for Production were served on Plaintiff on February 27, 2023;

b.     Defendant's Initial Disclosures were served on March 7, 2023;

c.     Defendant's First Supplemental Disclosures were served on March 13, 2023

d.     Plaintiff's Initial Disclosures were served on March 16, 2023;

e.     Plaintiff provided her Responses to Defendant's First Sets of Interrogatories, Requests for Admission, and Requests for Production on Defendant on April 18, 2023;

f.     Plaintiff's propounded First Sets of Interrogatories, Requests for Admission, and Requests for Production were served on Defendant on April 24, 2023; these responses are

presently due on May 23, 2023;

g.   Plaintiff's First Supplemental Initial Disclosures were served on April 20, 2023; and

h.   In Exhibit 4 of Plaintiff's Complaint, in 2019 Plaintiff provided Affidavits of 16 people who would testify as to the decedent's non-use of nicotine products.  The parties are working at this time to get depositions set for each of the 16 affiants, of which eight are presently noticed and set with counsel. The parties are working to set the depositions of the remaining eight affiants but are delayed due to bad or expired addresses and contact information for these affiants, which will require the use of private investigators to locate and serve them with subpoenas.

## III.   DISCOVERY THAT REMAINS TO BE COMPLETED

a.   Service of Defendant's Responses to Plaintiff's First Sets of Interrogatories, Requests for Admission, and Requests for Production which are presently due on May 24, 2023;

b.   Deposition of Plaintiff, which is presently set for May 23, 2023 at 9:00 a.m.;

c.   Depositions of Plaintiff's Affiant Witnesses as follows:

1) Robert Brian Bixby, deposition presently set for May 12, 2023 at 9:00 a.m.

2) Robert Delgado, deposition presently set for May 18, 2023 at 9:00 a.m., and he has been served with the deposition subpoena.

3) Barry Evans, deposition date has been agreed-upon by the parties for May 18, 2023 at 1:00 p.m., however, the process server advised that the address provided does not exist. Accordingly, Defendant will have to locate this witness through the use of a private investigator.

4) Joanna Farrimond, deposition date has been agreed-upon by the parties for May 24, 2023 at 9:00 a.m.; however, this deposition has not been formally noticed due to lack of an address of the witness. Accordingly, Defendant will have to locate this witness through the use of a private investigator.

5) Brittnee Deel, deposition presently set for May 24, 2023 at 1:00 p.m., and she has

been served with the deposition subpoena.

6) Brian Curcio, deposition presently set for May 25, 2023 at 11:00 a.m.  This witness has agreed to this date.  A subpoena will be served upon him in the near future.

7) Morris Gray, Jr., deposition date has been agreed-upon by the parties for May 26, 2023 at 1:00 p.m., however, this deposition has not been formally noticed nor has a subpoena yet been issued.

8) Clayton Johnson, deposition date has been agreed-upon by the parties for May 30, 2023 at 9:00 a.m., however, this deposition has not been formally noticed nor has a subpoena yet been issued.

9) Paul Appelloff, deposition date presently set for May 30, 2023 at 1:00 p.m. and he has been served with the deposition subpoena.

10) Vanessa Nix, deposition date set for June 1, 2023 at 9:00 a.m., however, this deposition has not been formally noticed nor has a subpoena yet been issued.

11) Beatriz Perez, deposition date set for June 1, 2023 at 1:00 p.m., however, this deposition has not been formally noticed nor has a subpoena yet been issued.

12) Renee Wisek, deposition date set for June 6, 2023 at 9;00 a.m., however, this deposition has not been formally noticed nor has a subpoena yet been issued.

13) Oxana Vaskevich, deposition date presently set for June 6, 2023 at 1:00 p.m., has been noticed, and she has been in contact to coordinate this date which she stated does work for her.

14) Frederick Foisia, Jr., deposition date set for June 7, 2023 at 9:00 a.m., but not noticed due to lack of address of Affiant. Accordingly, Defendant will have to locate this witness through the use of a private investigator.

15) Bentley Corbett, deposition date set for June 7, 2023 at 1:00 p.m., however, this deposition has not been formally noticed nor has a subpoena yet been issued.

16) Rodney Lee, no deposition date presently set, as this deposition has not been formally noticed nor has a subpoena yet been issued. Further, the date previously agreed upon between counsel for the deposition of Rodney Lee was taken to be used for the deposition of Paul Appelloff, as that date worked better for him.

d. Depositions of AAA personnel Margeurite Jenkins (Chief Claims Examiner) and Danielle Bradley (Claims Examiner) and the FRCP 30(b)(6) Witness for Defendant. These depositions were the subject of a Meet and Confer which was held on May 4, 2023 at 3:00 p.m. The parties are working on getting dates for these depositions and Defendant is coordinating their availability for said depositons.

e. Plaintiff is also seeking to take deposition of Jeff Olster, Esq., outside counsel for AAA prior to suit being filed who is alleged to have been hired to investigate the claim and alleged to have rendered a decision and Susan Grier (Investigator with Covent Bridge Group), which was also the subject of a Meet and Confer held on May 4, 2023 at 3:00 p.m. and which will be discussed further in a continued Meet and Confer set for May 11, 2023 at 9:30 a.m., at which time the discussion of the 30(b)(6) topics will also be addressed.

f. Disclosure of expert reports;

g. Depositions of decedent's treating physician(s) (i.e. Terrance Ballard, MD of WELLTRAC, Dr. Sanford White of Ensign Family Medicine, as well as Leonardo Roquero, MD, the Medical Examiner (Clark County Coroner).

h. Depositions of experts.

The Parties reserve the right to engage in additional discovery as indicated by the foregoing discovery or otherwise that could lead to the discovery of other admissible evidence.

## I.   REASONS WHY REMAINING DISCOVERY WAS NOT COMPLETED

The parties are actively engaged in discovery for this matter with written discovery nearly completed and have set the depositions of the Plaintiff and some of the third-party witnesses.  However, the parties have legitimately experienced difficulty in obtaining accurate addresses and phone numbers for many of these third-party witnesses who provided affidavits in 2019, which has delayed the process in getting subpoenas served on these individuals.  Indeed, the parties have used various resources to track down and locate some of these witnesses, only to find that they no longer live in their prior locations and, therefore, have not been served. These witnesses provided affidavits in support of Plaintiff's claim, stating in essence that they never observed the Decedent use nicotine.  There are 16 persons who provided such affidavits.

As of the present time, eight have been located and depositions have been set for them. However, eight witnesses still have not been located for purposes of serving subpoenas on them, despite diligent efforts of counsel. Further, the parties have discussed what they believe is the proper scope of the affiant depositions and disagree on the scope of the same. If necessary, Plaintiff will file a motion for protective order regarding the same.

Plaintiff identified in her initial FRCP 16.1 disclosure 45 potential 30(b)(6) topics.  In response, Defendant has prepared a detailed objection letter with respect to the potential 30(b)(6) topics as identified in the disclosure, and the parties will be conducting the "meet and confer" regarding the scope of a 30(b)(6) deposition on May 11, 2023.  To the extent that an agreement on all potential topics is not achieved, the parties will file motions to compel/motions for protective order regarding the scope of that examination, which will necessitate additional time to obtain the ruling.

The parties have also discussed the deposition of a lawyer, Jeffrey Olster, Esq., that AAA retained prior to the filing of the instant lawsuit.  Noting that "advice of counsel" has not been asserted as an affirmative defense but that Jeffrey Olster, Esq. is alleged to have personal knowledge of the claims investigation process as well as potential impeachment/credibility challenges of the 30(b)(6) deponents,  the parties will be conducting a further "meet and confer" conference on that potential deposition on May 11, 2023, and again, if an agreement cannot be achieved regarding that deposition, another motion to compel/protective order will be filed.

Additionally, the parties' respective experts will need time to review the transcripts from the Plaintiff, AAA's employees, the 30(b)(6) witnesses, and the third-party witnesses who provided the affidavits in support of the Plaintiff's claim. Given the extent of discovery sought in this matter and given the issues and problems in achieving these depositions by this stage of the litigation, additional time is necessary for the foregoing steps to take place.

Respectfully, the parties have been diligent and active in moving this case forward.  As the record of this case demonstrates, reasonable and timely efforts have been undertaken to accomplish much of the discovery needed in this case, however, with the multiple critical depositions of the third-party witnesses and the scope of the testimony of the 30(b)(6) designee

and Jeff Olster, Esq., still undecided, additional time is necessary to serve these witnesses and resolve the scope-type issues of these other witnesses via motion, if necessary. Accordingly, the parties hereby respectfully request that discovery schedule deadlines be extended by 90 days to accommodate the ongoing meet and confer process and anticipated motion practice. This extension is not being made for improper purposes or for the needless delay of these proceedings. Further, the efforts made by the parties in timely engaging in discovery as set forth herein substantiates good cause and excusable neglect in seeking this first extension. Likewise, no trial date has been set.

## IV.    PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY

The Parties hereby stipulate to continue the discovery deadlines by a period of ninety (90) days so that the Parties may complete the discovery outlined above and any additional discovery warranted by the foregoing. Upon this Court's Order, the discovery dates and deadlines will be modified as follows:

|  | Current deadline | Proposed New Deadline |
|---|---|---|
| Last Day to File Motion to Amend/Add Parties | 04/25/2023 | 08/23/2023 |
| Initial Expert Reports | 05/25/2023 | 08/23/2023 |
| Rebuttal Expert Reports | 06/26/2023 | 09/25/2023 |
| Close of Discovery | 07/24/2023 | 10/23/2023 |
| Dispositive Motions | 08/23/2023 | 11/21/2023 |
| Pretrial Order (unless dispositive motions filed) | 09/22/2023 | 12/21/2023 |

//

//

//

//

//

//

//

1

2

3

4

5

       The Parties respectfully request that this Stipulation and Order to Extend Discovery (First Request) be granted and that the Court adopt the proposed dates set forth above.  This Stipulation and Order is not timely under LR II 26-3 as less than 21 days remain before expiration of the subject deadline but as previously stated, the extent of discovery in this matter and the parties' due diligence in executing the same amounts to excusable neglect.

6

7

8

9

| Dated: May 8, 2023 | Dated: May 8, 2023 |
|---|---|
| HALL JAFFE & CLAYTON, LLP | BROCK K. OHLSON, PLLC |
| */s/ Riley A. Clayton* | */s/  Caitlin J. Lorelli* |
| _____ | _____ |
| RILEY A. CLAYTON<br>Nevada Bar No. 005260<br>7425 Peak Drive<br>Las Vegas, Nevada 89128<br>*Attorneys for Defendant,*<br>*AAA Life Insurance Company* | BROCK K. OHLSON<br>Nevada Bar No. 12262<br>JUSTIN A. CORNE<br>Nevada Bar No. 14504<br>CAITLIN J. LORELLI<br>Nevada Bar No. 14571<br>6060 Elton Avenue<br>Las Vegas, NV 89107<br>*Attorneys for Plaintiff,*<br>*Bianca Lang-Black* |

10

11

12

13

14

15

16

17

18

### **O R D E R**

19

IT IS SO ORDERED.

20

21

_____

22

UNITED STATES MAGISTRATE JUDGE

23

24

25

Dated: __May 9, 2023_____

26

27

28

8